UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
Alon Nachmany,

                    Plaintiff,

                                                    16 Civ. 225(DAB)
          -against-                                 <u>MEMORANDUM & ORDER</u>

FXCM, Inc., et al.,

                    Defendants.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.


        Plaintiff Alon Nachmany brings suit against his former

employer, FXCM, Inc. ("FXCM"), and two of its employees, Ryan

Leonard ("Leonard") and Seth Lyons ("Lyons," and together with

FXCM and Leonard "Defendants").  Plaintiff brings claims for

employment discrimination on the basis of religion and national

origin pursuant to Title VII, New York State Human Rights Law

("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), for

sexual harassment pursuant to Title VII, NYSCHRL, and NYCRHRL, and

for civil assault/battery.  All claims are brought against all

Defendants, except for the civil assault/battery claim which is

brought only against Defendant Lyons.

        Defendants move to dismiss the sexual harassment claims, all

Title VII claims against Leonard and Lyons, and the civil

assault/battery claim.[1]    The Court heard oral argument on Defendants' motion on October 16, 2019.

For the reasons discussed below, Defendants' Motion to Dismiss Counts 3, 6, 9, 10, 11, 12, 15, 18, 19, 20, 21, 24, 27, and 28 of the Complaint is GRANTED.

## I.   Background

The following facts are drawn from the Complaint and are assumed true for purposes of the instant Motion.

Plaintiff was employed by FXCM as a systems engineer during an approximately two-year period between 2012 and 2014.  (Compl. ¶ 17.)  Plaintiff is a Jewish, heterosexual male, who, while born in the United States, was raised and educated in Israel, and served in that country's military.  (Id. ¶ 14-15.)  At all relevant times, Defendant Lyons served as Plaintiff's immediate supervisor, and Defendant Leonard as Defendant Lyon's immediate supervisor.  (Id. ¶¶ 20-21, 37.)

Plaintiff alleges that during the course of his employment he was "subjected to a multitude of demeaning and derogatory comments that specifically attacked Plaintiff's national origin, religion,

---

[1] After Defendants moved to dismiss, Plaintiff withdrew the Title VII claims against Leonard and Lyons.  (Opp. at 2, n. 2.)  Accordingly the following causes of actions are mooted:  10, 11, 12, 19, 20, and 21.

Plaintiff asks the Court to "summarily disregard the Motion on the ground that Defendants have interposed the same without complying with the Individual Practices of the Court," which Plaintiff says required Defendants to seek leave to file the motion without ta pre-motion conference.  (Opp. at 15, n. 8.)  As Defendants note, the Court's Individual Rules clearly state that no such conference is necessary for motions made in lieu of an Answer.

sex, and sexual orientation, as well as consistently being subjected to harassing behavior that was pervasive and offensive." (Id. ¶ 37.)

### a. Allegations Relating to Sexual Harassment Claims

Plaintiff's Complaint includes a number of factual assertions in support of his sexual harassment claims. Plaintiff states that at some point in 2013,[2] Leonard posted on a white board centrally located in FXCM's IT department: "Alon is a dick. Why won't he shut the fuck up? That is all asshole." (Id. ¶¶ 46-47.)[3] Despite Plaintiff's requests that it be removed, the message allegedly remained on the white board for nearly two months. (Id. ¶ 48.) Plaintiff alleges that "[n]o other employee in the IT Department was ever the target of such a message on the white board." (Id. ¶ 49.)

Plaintiff further alleges that Leonard changed Plaintiff's computer background to an image of a "naked male with an erect penis, spreading his buttocks, with two hands, to expose his internal anatomy." (Id. ¶ 51.) According to the Complaint, Leonard also drew onto a photograph of Plaintiff a "depiction of an individual placing his erect penis in front of Plaintiff's mouth

---

[2] The Court notes that there is an alarming paucity of dates accompanying Plaintiff's allegations.

[3] Plaintiff states most of the allegations in the Complaint in a section titled "Allegations of Fact," but then repeats many, if not most, of the these allegations in repetitive paragraphs under each cause of action. To avoid repetition, in most cases this Memorandum and Order refers only to paragraphs included in the "Allegations of Fact" section.

to simulate oral sex and defecation onto Plaintiff's head." (Id. ¶ 52.) This image was allegedly sent to Plaintiff, as well as others at FXCM. (Id. ¶¶ 52-53.) Plaintiff was also allegedly "exposed to and often berated with" crude and offensive terms. (Id. at 54.)

### b. Plaintiff's Termination

As a result of these actions, Plaintiff allegedly made repeated complaints to, and had multiple meetings with, Eduard Yusupov, FXCM's Global Head of Dealings. (Compl. ¶¶ 74-75.) These complaints allegedly eventually led to a meeting attended by Plaintiff, Yusupov, and Defendant Leonard. (Id. ¶ 78.) Plaintiff was fired a week after this meeting, on September, 2, 2014. (Id. ¶ 81.)

### c. Civil Assault/Battery Allegations

The Complaint also includes a cause of action for civil assault/battery against Defendant Lyons. According to the Complaint, Lyons, seeking to "show off" what he had learned in hand-to-hand combat classes, grabbed Plaintiff's hand without consent, and "during the ensuing struggle" broke Plaintiff's finger. (Id. ¶ 439-443.)

### d. EEOC Complaint

Plaintiff filed a Charge of Discrimination with the EEOC on March 15, 2015. (Id. ¶ 82.) Defendants submitted a response, and Plaintiff filed a reply to Defendants' response. (Id. ¶¶ 83-84.)

Plaintiff received a Notice of Right to Sue letter on October 14, 2015. (Id. ¶ 85.)

## II.   Legal Standard on a Motion Under Rule 12(b)(6)

For a complaint to survive a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation and alteration omitted). "In keeping with these principles," the Supreme Court has stated,

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

> assumption of truth. While legal conclusions can
> provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume
> their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.

In considering a motion under Rule 12(b)(6), a court must accept as true all factual allegations set forth in a complaint and draw all reasonable inferences in favor of the plaintiff. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). However, this principle is "inapplicable to legal conclusions," Iqbal, 556 U.S. at 678, which, like a complaint's "labels and conclusions," Twombly, 550 U.S. at 555, are disregarded. Nor should a court "accept [as] true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. In resolving a 12(b)(6) motion, a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in, or integral to, the complaint. DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

III. **Discussion**

    A.   **Exhaustion of Title VII Sexual Harassment Claims**

    Defendants seek dismissal of Plaintiff's Title VII sexual harassment claim (Third Cause of Action) on the grounds that Plaintiff failed to include it in his EEOC charge, and, thus, Defendants claim, he has failed to exhaust his administrative remedies with respect to this claim.

    a. Exhaustion Law

    Before an aggrieved party can bring claims in federal court under Title VII, he must, generally, first exhaust his administrative remedies by presenting the claims that form the basis of the suit to the EEOC. See Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015). But, claims not brought in the original EEOC complaint, may nonetheless be pursued in federal court if they are "reasonably related" to claims that were raised before the EEOC. Id.

    "A claim is reasonably related to the filed claim 'if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015) (quoting Deravin v. Kerik, 335 F.3d 195, 200-01 (2d Cir. 2003). "The central question is whether the complaint filed with the EEOC gave that agency adequate

notice." <u>Williams v. N.Y.X. Hous. Auth.</u>, 458 F. 3d 67, 70 (2d Cir. 2006). "'[I]t is the substance of the charge and not its label that controls.'" <u>Deravin</u>, 335 F. 3d at 201 (quoting <u>Alonzo v. Chase Manhattan Bank, N.A.</u>, 25 Supp. 2d 455, 458 (S.D.N.Y. 1998)). In determining relatedness, courts look to the factual allegations in the EEOC charge itself. <u>Id.</u>

"The 'reasonably related' exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff [he] is suffering." <u>Williams</u>, 458 F.3d at 70 (quoting <u>Deravin</u>, 335 F. 3d at 201). The Second Circuit, however, has not held this exception unavailable to plaintiffs who filed their EEOC charge through counsel. <u>See</u> <u>Chen-Oster v. Goldman, Sachs & Co.</u>, 2012 WL 76915, at *2 (S.D.N.Y. Jan. 10, 2012) (rejecting defendants' argument that the "reasonably related" exception is not available to plaintiffs represented by counsel at the EEOC stage and noting that the Second Circuit applied the exception in <u>Brown v. Coach Stores</u>, 163 F.3d 706 (2d Cir. 1998) even though the plaintiff there filed her EEOC charge through her attorney.) <u>See also</u> <u>Murray v. Bd. of Educ. of City of New York</u>, 984 F. Supp. 169, 177 (S.D.N.Y. 1997) ("[T]he Second Circuit never has made the application of

the loose pleading standard contingent on an EEOC charge

actually having been filed <u>pro se</u>.").

      a. Plaintiff's Exhaustion of the Sex Discrimination Claim

      Defendants argue that Plaintiff's sexual harassment claim

was not raised in his EEOC charge, and therefore that

Plaintiff's administrative remedies were not exhausted.

Defendants say the EEOC charge included only claims for

"Discrimination based on Religion" and "Discrimination Based on

Sex," and no distinct claim for sexual harassment.  (<u>See</u> Mot. at

15-16 (citing EEOC Charge, Complaint Ex. 1., at 3, 6).)[4]

      Defendants' argument ignores that "[i]t is the substance of

the charge and not its label that controls."[5]  <u>See</u> <u>Deravin</u>, 335

F. 3d at 201.  The Complaint charge contains many of the facts

included in the EEOC charge relating to the sexual harassment

charge.[6]  As the EEOC charge does, the Complaint charge avers

---

[4] Defendants further note that in filling out the cover page to his EEOC charge, Plaintiff identified the date of his termination as the date the alleged discrimination occurred and did not check the box "continuing action," which, Defendants say, "he could have done had he intended to assert a harassment claim under a hostile work environment theory."  (Mot. at 16.)

[5] Although not addressed by either party, given that the Second Circuit has recognized sexual harassment that results in a hostile work environment to be a form of gender discrimination, it seems to the Court that even a cursory examination of the "labels" in the EEOC charge might be enough to reject Defendants' exhaustion argument.  <u>Galdieri-Ambrosini v. Nat'l Realty & Dev.</u> <u>Corp.</u>, 136 F.3d 276, 289 (2d Cir.1998) ("One form of gender discrimination prohibited by Title VII is sexual harassment that results in a 'hostile or abusive work environment.'"(quoting <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986)).

[6] <u>See</u> <u>Gomez v. Stonybrook Univ.</u>, 2016 WL 1039539, at *7 (E.D.N.Y. Jan. 28, 2016), <u>report and recommendation adopted</u>, 2016 WL 1045536 (E.D.N.Y. Mar. 15, 2016) ("Here, the factual allegations from the EEOC charge are reasonably

that Defendants subjected Plaintiff to a variety of conduct as a result of his being a heterosexual male. (<u>Cf.</u> Compl. ¶¶ 47-56 <u>with</u> EEOC Charge, Compl. Ex. 1 at ¶¶ 46-54.) From these facts, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that it could be reasonably expected that the EEOC's investigation would have encompassed sexual harassment claims. Even though Plaintiff did not select "continuing action," as Defendants note, the thrust of these allegations relate to continuous conduct, rather than a single date on which discrimination occurred.[7]

### B. <u>Same-Sex Harassment Claims</u>

Having decided that Plaintiff's Title VII sexual harassment claims are exhausted, the Court turns to Defendants' broader challenge that Plaintiff has failed to state a claim for sexual harassment under Title VII, NYSHRL, and NYCHRL.

---

related to the claim filed with the EEOC because the same facts are alleged in the complaint.")

[7] Defendants also argue in their reply brief that, in fact, the EEOC likely did not investigate the same-sex harassment claims because it failed to request "evidence about the gender makeup of FXCM's IT department and comparative evidence regarding the treatment of men and women in that department." (Repl. at 10-11.) The Court, however, will not dismiss claims based on Defendants' speculation of what questions the EEOC might have asked had they investigated the claims, particularly where, as here, there is little indication of the thoroughness and rigor of the EEOC's investigation with respect to claims that were explicitly included in the EEOC charge. Further, this argument misunderstands the relevant standard — the question is not whether the EEOC actually investigated the claims in question, but whether it would be expected that the "conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" <u>Littlejohn</u>, 795 F.3d at 322.

"To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's sex.'" <u>Patane v. Clark</u>, 508 F.3d 106, 113 (2d Cir. 2007)(citing <u>Gregory v. Daly</u>, 243 F.3d 687, 691–92 (2d Cir. 2001)).

Because the alleged perpetrator of the harassive behavior and Plaintiff are both male, Plaintiff must sufficiently allege claims for same-sex harassment. <u>See</u> <u>Redd v. New York Div. of Parole</u>, 678 F.3d 166, 175 (2d Cir. 2012). The Supreme Court recognized that Title VII prohibits same-sex harassment in <u>Oncale v. Sundowner Offshore Services, Inc.</u> 523 U.S. 75 (1998).

<u>Oncale</u> established that there is no "'categorical rule excluding same-sex harassment claims from the coverage of Title VII,' but that a plaintiff still need[s] to show that he or she suffered 'discrimination because of sex.'" <u>Barrows v. Seneca Foods Corp.</u>, 512 F. App'x 115, 117 (2d Cir. 2013) (citing <u>Oncale</u>, 523 U.S. at 79-80). "'The critical issue' for same-sex harassment claims is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment [<u>e.g.</u>, a

hostile work environment] to which members of the other sex are not.'" <u>Id.</u> (quoting <u>Oncale</u>, 523 U.S. at 80).

In order to show that the discrimination occurred because of sex, plaintiffs in same-sex sexual harassment cases bear an additional burden. "Normally, to show sex discrimination occurred in male-female or female-male harassment cases, plaintiffs may take advantage of certain inferences which are not available to plaintiffs in a same-sex case." <u>Moran v. Fashion Inst. of Tech.</u>, 2002 WL 31288272, at *5 (S.D.N.Y. Oct. 7, 2002) (citing <u>Ciccotto v. Lcor</u>, 2001 WL 514304*4 (S.D.N.Y.2001) and <u>Oncale</u>, 523 U.S. at 81).) "For example, in instances of explicit or implicit sexual proposals or instances of physical conduct, there is a presumption that the conduct occurred because of gender differences." <u>Id</u>. "This presumption, however, may not be reasonable in same-sex harassment cases." <u>Id</u>. The Supreme Court in <u>Oncale</u> offered three examples of evidence that could satisfy a showing that the discrimination occurred because of sex: "(1) the harasser is homosexual (and, therefore, presumably motivated by sexual desire); (2) a victim is 'harassed in such sex-specific and derogatory terms by someone of the same gender as to make it clear that the harasser is motivated by general hostility to the presence of someone of the same gender in the workplace; or (3) there is 'direct comparative evidence about how the alleged

harasser treated members of both sexes in a mixed-sex workplace.'" Barrows, 512 F. App'x at 117 (citing Oncale, 523 U.S. at 80-81.)[8]

At the motion to dismiss stage, courts have transformed the evidentiary standard set forth in Oncale — a decision at the summary judgment stage — to a pleading one. See, e.g., Simonton v. Runyon, 232 F.3d 33, 37 (2d Cir. 2000)) (treating evidentiary burden for same-sex harassment on summary judgment as a pleading burden necessary to survive a motion to dismiss ); Reid v. Ingerman Smith LLP, 876 F. Supp. 2d 176, 182-83 (E.D.N.Y. 2012) ("Because [plaintiff] is at the motion to dismiss stage, she has no evidentiary burden; however, she still must allege facts sufficient to show her harasser's homosexuality or 'gender-based animus.'") (quoting Argeropoulos v. Exide Techs., 2009 WL 2132443, at *4 (E.D.N.Y. July 8, 2009));

NYSHRL claims are "analytically identical" to Title VII claims, and, while, NYCHRL claims are to be construed "broadly

---

[8] Contrary to Defendants' assertion that Oncale's three examples are the "only" ways plaintiffs can meet their burden (Mot. at 11 (emphasis in original)), the Circuit has not so held.  In fact, the Circuit has noted Oncale's "for example" language (Barrows, 512 F. App'x 117, at n. 3), and some courts have recognized that plaintiff can also provide evidence that "the harassment was motivated by a plaintiff's failure to conform with gender stereotypes."  See Farren v. Shaw Envtl., Inc., 852 F. Supp. 2d 352, 358-59 (W.D.N.Y. 2012), aff'd, 510 F. App'x 44 (2d Cir. 2013) (citing Dawson v. Bumble & Bumble, 398 F.3d 211, 218 (2d Cir.2005); Davis v. Vermont, Dep't of Corr., 868 F. Supp. 2d 313, 324-25 (D. Vt. 2012) ("a man can ground a claim on evidence that other men discriminated against him because he did not meet stereotyped expectations of masculinity.") (citing Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 261 n. 4 (1st Cir.1999).

in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible," the NYCHRL is nontheless "not a general civility code" and a NYCHRL plaintiff "still bears the burden of showing that the conduct is caused by a discriminatory motive.   Torres v. Pisano, 116 F.3d 625, 629 n. 1 (2d Cir. 1997); Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109, 110 (2d Cir. 2013) (citing Albunio v. City of New York, 16 N.Y.3d 472, 477–78 (2011); Williams v. New York City Hous. Auth., 872 N.Y.S. 2d 27, 41 (2009).

At least some courts have also applied Oncale to NYCHRL claims.   See, e.g., Nacinovich v. Tullett & Tokoyo Forex, Inc., 1998 WL 1050971, at *4 (N.Y. Sup. Ct. May 18, 1998).   Where the NYCHRL, however, meaningfully differs from Title VII is with respect to the severity and pervasiveness of the conduct necessary to state a claim.   "To establish a gender discrimination claim under the NYCHRL, the plaintiff need only demonstrate 'by a preponderance of the evidence that she has been treated less well than other employees because of her gender.'" Mihalik, 715 F.3d at 110 citing Williams, 872 N.Y.S. at 41.

### a. Plaintiff's Sexual Harassment Claims

Defendants seek dismissal of Plaintiff's sexual harassment claims because Plaintiff has not sufficiently alleged that the

14

conduct to which he was subjected occurred "because he is male."
(Mot. at 12)

The Complaint alleges four instances of alleged sexual
harassment: 1) the posting of a derogatory message on a centrally-
located white board; 2) Defendant Leonard's changing of
Plaintiff's computer background to an image of a "naked male"
(Compl. ¶ 51); 3) Defendant Leonard's drawing onto a photograph of
Plaintiff an offensive sexual image (id. ¶ 52); and 4) that
Plaintiff was "exposed to and often berated with" phrases and
depictions of very offensive slang terms (id. ¶ 54).

Plaintiff claims this led to an environment containing
"sexually charged material and intimidation" (see, e.g., id. ¶
115), but, to prevail, Plaintiff must plead that the conduct at
issue not merely involved "sexual content or connotations" but
rather that it actually constituted 'discrimina[tion] . . . because
of . . . sex. Oncale, 523 U.S. at 80-81. As Defendants point
out, Plaintiff's claims are lacking in that regard. (Mot. at 12-
13). Indeed the Complaint is entirely devoid of them.

A comparison of Plaintiff's claims with those examples
provided by Oncale demonstrates the weaknesses of the Complaint.
While Plaintiff states that he is heterosexual, he makes no
reference to the sexual orientation of the Defendants, foreclosing
Oncale's first example. (See Compl. at 46.) See Barrows, 512 F.
App'x at 117 (citing Oncale's first example of claims that could

15

be sufficient, those that "the harasser is homosexual (and, therefore, presumably motivated by sexual desire)")

The Complaint further fails to allege that Plaintiff was "harassed in such sex-specific and derogatory terms by someone of the same gender as to make it clear that" Defendants were "motivated by general hostility to the presence of someone of the same gender; nor does it allege how Defendants "treated members of both sexes in a mixed-sex workplace.'" Barrows, 512 F. App'x at 117 (citing Oncale, 523 U.S. at 80-81.) The Complaint does not indicate that men at FXCM were exposed to disadvantageous terms of employment, as compared to women. "The critical issue," as the Supreme Court has stated, "is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Oncale, 52 U.S at 82 (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 25 (1993)). From the allegations in the Complaint, the Court cannot draw an inference that conduct occurred because Plaintiff is male.

In response, Plaintiffs repeatedly state that "no female employee" of FXCM was subjected to "similar ridicule" as Plaintiff or to "grotesque visual depictions of sexual acts," "sexually-explicit language," or "sexually images." (Opp. at 10-11) As, Defendants aptly note in their reply brief, however, no such similar comparative allegations actually appear in the Complaint. (Opp. at 6.) The Court cannot consider these allegations as a

result.  <u>Fadem v. Ford Motor Co.</u>, 352 F.Supp.2d 501, 516 (S.D.N.Y.2005)("It is long-standing precedent in this Circuit that parties cannot amend their pleadings through issues raised solely in their briefs.") (collecting cases).

Plaintiff's opposition brief also asks the Court to give additional consideration to the NYCHRL claims on the grounds that the NYCHRL does not require "severe and pervasive" sexual harassment, but merely that the plaintiff was "treated less well." (Opp. at 14.)  Further, Plaintiff argues, NYCHRL does not require that the "but-for" causation, but merely that "membership in a protected class . . . be a motivating factor behind the adverse employment action.  (<u>Id</u>.)  Neither of these arguments, however, negate the fact that Plaintiff must show that his sex played a role in the harassment, something he has not done.

Accordingly, Plaintiffs remaining sexual harassment claims are <u>dismissed</u>.

### C.  <u>Plaintiff's Civil Assault/Battery Claim</u>

Defendants move to dismiss the civil assault/battery claim alleged only against Defendant Lyons.  Defendant argues the claim, brought on January 12, 2016, occurred beyond the one-year statute of limitations set forth in N.Y. C.P.L.R. 215(3).  (Mot. at 8.) While the Complaint does not allege when specifically the incident occurred, Plaintiff's employment with FXCM ended in September, 2014, and Defendants argue that the latest possible date the

incident could have occurred is outside the statute of limitations window.  (Id.)

Plaintiff does not dispute that the event occurred outside the statute of limitations.  (Opp. at 7.)  Instead, he argues that the statute of limitations should not apply here because "the rigid application of the statute of limitations could have the unintended effect of prejudicing Plaintiff's other claims contained in the Complaint because Defendants could argue a plethora of affirmative defenses against Plaintiff's employment-based discrimination causes of action, including but not limited to res judicata and collateral estoppel."  (Opp. at 7.)  Plaintiff argues that because the civil assault/battery claims arose from a "common nucleus of facts" with the Title VII claims, the "logistical realities of exhausting remedies under Title VII" would have made it "temporally impossible to pursue Plaintiff's claim against Defendant Lyons for civil assault and battery within the applicable one-year statute of limitations."  (Opp. at 8.)

The Court agrees with Defendants.  A reading of the Complaint makes clear that the civil assault/battery claim and the Title VII claims do not arise out of a common nucleus of facts.  And, Second Circuit law is clear that the filing of an EEOC charge does not toll the statute of limitations.  See Castagna v. Luceno, 744 F.3d 254, 259 (2d Cir. 2014)("Because Congress did not intend for the filing of a charge of discrimination with the EEOC to toll the

statute of limitations applicable to state tort claims, we . . .
conclude[e] that lodging a charge of discrimination with the EEOC
does not toll those state claims.")  The cases cited by Plaintiff
in support of his position Chao v. Xanadu Boutique, Inc., 380 F.
Supp. 2d 134 (E.D.N.Y. 2005) and Donovan v. Peter Zimmer Am., Inc.,
557 F. Supp. 642 (D.S.C. 1982) are inapposite and do not nothing
to disturb this finding.  (See Opp. at 8.)

    Accordingly, Count 28 is dismissed.

    D.    Defendants' Request to Strike Portions of the Complaint

    Defendants move to strike the allegations in the Complaint and
its exhibits relating to the sexual harassment claims.   (Mot. at
17-19.)  Plaintiff opposes the motion on the grounds that it is
premature and that Defendants have not met their burden.  (Opp. at
16-18.

    Rule 12(f) authorizes the striking of "any redundant,
immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.
12(f).   'Immaterial' matter is that which has no essential or
important relationship to the claim for relief, and 'impertinent'
material consists of statements that do not pertain to, and are
not necessary to resolve, the disputed issues."   In re Methyl
Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 402 F.Supp.2d
434, 437 (S.D.N.Y.2005) (citing Fantasy, Inc. v. Fogerty, 984 F.2d
1524, 1527 (9th Cir.1993)). "A scandalous allegation is one that

reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." <u>Cabble v. Rollieson</u>, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006).

Rule 12(f) motions are left to the Court's discretion. <u>Morse v. Weingarten</u>, 777 F. Supp. 312, 319 (S.D.N.Y. 1991). Materials will also be stricken if they "serve no purpose except to inflame the reader." <u>Id</u>. Finally, "motions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." <u>Red Ball Interior Demolition Corp. v. Palmadessa</u>, 908 F. Supp. 1226, 1241-42 (S.D.N.Y. 1995) (citations omitted).

The Court rules that they are stricken without prejudice to repleading if and when Plaintiff repleads his sexual harassment claims. The paragraphs relate to dismissed allegations and are not relevant to the remaining claims. <u>See</u> <u>In re Alstom SA</u>, 454 F. Supp. 2d 187, 216 (S.D.N.Y. 2006) (striking allegations as "immaterial to the currently pending allegations" that survived a motion to dismiss, and "render an already lengthy complaint all the more unwieldy.")

Accordingly, the following portions of this Complaint are stricken: Complaint paragraphs 46-55, 116-120, 157-161, 195-199, 233-237, 274-278, 312-316, 350-354, 391-395, and 428-432; Exhibit 1 of the Complaint from paragraph 46-54 of the EEOC Charge; Exhibit

2 starting from the second paragraph of page 13 through the first paragraph that concludes on page 14; and in Exhibit 3, the first paragraph of the page ECF stamped 7 of 12 and the entirety of page 12 of 12.

## IV.  Leave to Amend

The remaining question is whether Plaintiff shall be given leave to replead.  When a complaint has been dismissed, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But, it is "within the sound discretion of the district court to grant or to deny leave to amend."  McCarthy v. Dun & Bradstret Corp., 482 F. 3d 184, 200 (2d Cir. 2007).  A court may dismiss without leave to amend when amendment would be "futile," or would not survive a motion to dismiss.  Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 491 (2d Cir. 2011).

In this instance, the Court finds that it would be futile to allow Plaintiff to amend his Title VII claims against Defendants Leonard and Lyons and his civil assault/battery claim against Defendant Lyons.

The Court held oral argument on October 16, 2019 for the limited purpose of ascertaining whether granting leave to amend the remaining sexual harassment claims (i.e. the sexual harassment claims other than the Title VII claims against Leonard and Lyons)

would be futile.[9]  Plaintiff's primary argument in favor of his position that leave to amend would not be futile was that women in Plaintiff's workplace were not subjected to the same treatment as Plaintiff was, though other men often were.  Because Rule 15, sets forth a "permissive standard" for the amendment of complaints, the Court will allow Plaintiff to file an amended complaint with respect to these claims.  See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015.

V.    Conclusion

For the reasons described above, Defendants' Motion to Dismiss the Complaint is GRANTED as to Counts 10, 11, 12, 18, 19, 20, 21, and 28 with prejudice, and is GRANTED as to Counts 3, 6, 9, 15, 18, 24, and 27 without prejudice to amending the Complaint.  Defendants' motion to strike is also GRANTED.

Should Plaintiff choose to file an amended complaint, it shall be due within 30 days of the date of this Order. Defendants' response to any amended complaint shall be due within 30 days of the filing of the amended complaint.

SO ORDERED.

Dated: January 9, 2020
       New York, New York

_____
Deborah A. Batts
United States District Judge

---

[9] See Transcript of Proceedings, October 16, 2019, at 3:3-4:3.